Nathaniel Clark, Esq.; SBN: 276621
**LAW OFFICES OF SCOTT WARMUTH, APC**
17700 Castleton St. #168
City of Industry, CA 91748
Telephone: (626) 282-6868
Facsimile: (626) 642-0808
nclark@law888.com

*Attorneys for Plaintiff*
MEI MA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEI MA, | Case No.: 2:17-cv-06109 |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF:** |
| vs. | (1) THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b), *et seq.* |
| RECEIVABLES PERFORMANCE MANAGEMENT, LLC; and DOES 1-10, | (2) FAILURE TO IDENTIFY CALLING PARTY, 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(b)(1) |
| Defendants. | (3) DO NOT CALL LIST, 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2) |
| | (4) ROSENTHAL ACT, CAL. CIV. § 1788, *et seq.* |
| | **JURY TRIAL DEMANDED** |

1

COMPLAINT FOR DAMAGES

Plaintiff Mei Ma ("Plaintiff" or "Ma") alleges the following upon information and belief and personal knowledge:

## NATURE OF THE CASE

1. Plaintiff seeks damages resulting from the illegal actions of Receivable Performance Management, LLC ("Defendant" or "RPM"), in negligently, knowingly, willfully and intentionally contacting Plaintiff on her cellular phone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy, without her prior express consent.

2. Plaintiff further seeks damages and all other available relief under California's Rosenthal Fair Debt Collection Act, Cal. Civ. § 1788, *et seq.*, as a result of Defendant's harassing conduct made in the course of attempting to collect a debt that Defendant's knew, or should have known, Plaintiff did not owe.

3. Defendant repeatedly called Plaintiff at her cellular phone number ending in digits *3473, despite the identification of Plaintiff's name in her voice message answering playback.

4. Congress enacted the TCPA in 1991 to "protect the privacy interests" of consumers in response to the "increasing number of consumer complaints" made to both residential and wireless phones.[1]

5. Here, Plaintiff was directly harmed by Defendant's wanton and repeated privacy violations. Defendant invaded Plaintiff's privacy by calling Plaintiff when she was at work, or preparing for work, or winding down from work. This directly wasted Plaintiff's time, and caused stress and annoyance. The stress was heightened by the fact that Defendant repeatedly called Plaintiff about a debt Plaintiff did not owe. This worried Plaintiff that she might somehow mistakenly be subjected to undue legal process. Moreover, the calls continued

---

[1] Senate Report No. 102-178, October 8, 1991, 1991 U.S.C.C.A.N. 1968; *Id*. at 1969; *see, also* PL 102–243, December 20, 1991, 105 Stat 2394.

almost daily and would force Plaintiff to check her phone and answer it only to hear pre-recorded messages. There was no opt-out system provided. To make matters worse, many of the pre-recorded voice messages were often "blank" or "dead air" messages any consumer could interpret as being from a stalker as there was no identification of the calling party. This made Plaintiff fearful and helpless to stop the calls and ultimately forced her to retain consumer counsel for protection.

6. The TCPA defines an automated telephone dialing system ("ATDS") as "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and to dial such numbers". (47 U.S.C. § 227(a)(1).)

7. The Federal Communications Commission ("FCC"), which Congress vested with authority to prescribe regulations implementing the TCPA's requirements, has interpreted an ATDS as "cover[ing] any equipment that has the specified capacity to generate numbers and dial them without human intervention, regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." *In re the Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 FCC Rcd. 14014, 14017 (2003).

8. The FCC ruled that the TCPA's use of the term "capacity" in the definition of "automatic telephone dialing system" does not exempt equipment that lacks the "present ability" to dial randomly or sequentially. *Id.* ¶ 15. "In other words, the capacity of an auto-dialer is not limited to its current configuration but also includes its potential functionalities." *Id.* ¶ 16. *Fontes v. Time Warner Cable Inc.*, No. CV14-2060-CAS(CWX), 2015 WL 9272790, at *2 (C.D. Cal. Dec. 17, 2015). Consequently, "[c]allers cannot avoid obtaining consumer consent for a robocall simply because they are not "currently" or "presently" dialing random or sequential phone numbers". *July 10, 2015 FCC Declaratory Ruling and Order* at ¶ 2.

COMPLAINT FOR DAMAGES

9. The TCPA specifically prohibits the use of an ATDS to contact consumers on their cellular phones without the prior express consent of the called party. (47 U.S.C. § 227(b)(1)(A)(iii).)

10. The TCPA also specifically prohibits the use of pre-recorded voice messages in telephone calls to cellular phones without the called party's express prior consent. (47 U.S.C. § 227(b)(1)(A)(iii).)

11. "Prior express consent" may be revoked "using any reasonable method including orally or in writing." *See, In re the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Declaratory Ruling and Order, FCC 15–72 (CG Dkt. No. 02–278, WC Dkt. No. 07–135) at ¶ 64 (July 10, 2015).

12. The TCPA further prohibits a company from using automatic dialing machines and/or pre-recorded voice messages without employing rules, training and procedures to document and avoid calls to the wrong party and provide appropriate consumer opt-out methods to prevent future calls. (47 C.F.R. § 64.1200(c)(2).

13. The TCPA further prohibits a company from using pre-recorded voice messages to contact consumers without fully identifying the company's name as registered with the company's Secretary of State in the State where the company is incorporated. (47 C.F.R. § 64.1200(b)(1).)

14. Defendant repeatedly violated the TCPA by (1) dialing Plaintiff's cellular phone using an ATDS without her prior express consent; (2) dialing Plaintiff's cellular phone using pre-recorded/artificial voice messages without her prior express consent; (3) dialing Plaintiff's cellular phone number using an ATDS and pre-recorded/artificial voice messages despite Plaintiff's registration on the National Do-Not-Call List; and (4) dialing Plaintiff's cellular phone number using an ATDS and pre-recorded/artificial voice message while failing to identify the identity of the calling party.

## JURISDICTION AND VENUE

15. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740* (2012).

16. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. §1391 (b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district; Plaintiff is a resident of Los Angeles County, California, which falls within the Central District of California.

## PARTIES

17. Plaintiff Mei Ma is a natural person who resided in Los Angeles County in the State of California at the time of the violations.

18. Upon information and belief, Defendant Receivables Performance Management, LLC, is a limited liability company organized and existing under the laws of the State of Washington which is conducting substantial business activities in the State of California. RPM's violations of the TCPA and Rosenthal Act occurred in Los Angeles County because that is where Plaintiff resided at the time of the violations.

19. Unknown defendants authorized/ratified each and every action and omission of defendants, and each of them. All defendants shared Plaintiff's contact information with each other or obtained Plaintiff's contact information from the same source.

20. All defendants conduct business in California through the Internet and telephone solicitation, and knowingly violated the TCPA within Los Angeles County.

21. Plaintiff is unaware of the true names and capacities of the defendants sued herein as DOES 1-10, who are currently unknown to Plaintiff, who therefore sues such defendants by fictitious names.

COMPLAINT FOR DAMAGES

22. All of the above defendants, and their subsidiaries, agents, officers, directors, and managing agents, are liable for the allegations and damages alleged herein. Plaintiff will seek leave to amend the Complaint to reflect the true names and capacities of the DOE defendants when such identities become known.

## THE ILLEGAL COLLECTION CAMPAIGN

23. On or about March 15, 2017, Defendant started calling Plaintiff's mobile telephone number ending in digits *3473 attempting to collect a debt.

24. Plaintiff never consented, either implicitly or explicitly, to be contacted by Defendant through the use of an automatic dialer and/or pre-recorded voice message.

25. In fact, Plaintiff never owed a debt to Defendant, and upon information and belief, Defendant at all times was attempting to collect the debt of another individual, but should have known that Defendant was repeatedly calling Plaintiff's cellular phone because her voicemail identifies herself by name.

26. Defendant negligently, knowingly, willfully and intentionally caused an ATDS to repeatedly dial Plaintiff's cellular phone to contact Plaintiff in violation of the TCPA within the past four years prior to the filing of this Complaint and used pre-recorded/artificial voice messages in the same calls.

27. Plaintiff never had the option to speak with a live operator for the vast majority of the calls made by Defendant. Defendant used pre-recorded messages when calling. The use of pre-recorded messages shows that an automatic dialing system was used. Defendant repeatedly left "blank" / "dead air" voice messages, which further show that Defendant was using an ATDS. Plaintiff would hear strange delays and noises when she picked up the phone. Moreover, the calls would occur at similar times of the day, as if part of an automated calendar or schedule. On the few occasions a live person was reached, it was only after a significant delay which showed that the live person did not in

COMPLAINT FOR DAMAGES

fact make the call, and instead, the call was "routed" through the automatic system to a random collector.

28. At all times, Plaintiff's number was registered with the National Do Not Call (DNC) list. Defendant ignored the DNC list.

29. Plaintiff never provided any form of consent to Defendant.

30. Defendant failed to provide any reasonable method of "opting out" or instructing Defendant to no longer call Plaintiff.

31. Defendant failed to properly identify itself when calling Plaintiff.

32. Defendant Receivables Performance Management, LLC, called Plaintiff at least once using the number 425-372-5303:

    3/18/2017   10:30am

33. Defendant Receivables Performance Management, LLC, called Plaintiff at least 146 times, sometimes multiple times a day, using the number 425-372-5305;

    3/15/2017   9:44am
    3/17/2017   9:23am
    3/17/2017   10:30am
    3/17/2017   1:21pm
    3/20/2017   3:10pm
    3/21/2017   9:32am
    3/22/2017   1:31pm
    3/22/2017   3:41pm
    3/23/2017   9:47am
    3/23/2017   10:28am
    3/23/2017   1:55pm
    3/24/2017   9:52am
    3/24/2017   11:40am
    3/24/2017   1:48pm
    3/27/2017   9:17am
    3/27/2017   10:31am
    3/27/2017   12:14pm

COMPLAINT FOR DAMAGES

| | |
|---|---|
| 3/28/2017 | 10:29am |
| 3/28/2017 | 1:54pm |
| 3/29/2017 | 10:31am |
| 3/29/2017 | 12:50pm |
| 3/29/2017 | 3:24pm |
| 3/30/2017 | 10:19am |
| 3/31/2017 | 9:09am |
| 3/31/2017 | 10:18am |
| 3/31/2017 | 1:13pm |
| 4/3/2017 | 10:20am |
| 4/3/2017 | 1:05pm |
| 4/3/2017 | 4:12pm |
| 4/4/2017 | 10:12am |
| 4/4/2017 | 1:40pm |
| 4/5/2017 | 10:10am |
| 4/5/2017 | 11:06am |
| 4/5/2017 | 2:56pm |
| 4/6/2017 | 2:03pm |
| 4/7/2017 | 10:19am |
| 4/7/2017 | 12:26pm |
| 4/7/2017 | 2:55pm |
| 4/10/2017 | 9:31am |
| 4/11/2017 | 9:14am |
| 4/11/2017 | 9:14am |
| 4/12/2017 | 11:14am |
| 4/12/2017 | 1:56pm |
| 4/13/2017 | 11:38am |
| 4/13/2017 | 1:04pm |
| 4/14/2017 | 1:03pm |
| 4/14/2017 | 3:24pm |
| 4/17/2017 | 10:28am |
| 4/17/2017 | 2:34pm |
| 4/18/2017 | 9:42am |
| 4/18/2017 | 10:35am |
| 4/18/2017 | 1:19pm |
| 4/19/2017 | 9:49am |
| 4/19/2017 | 11:23am |
| 4/19/2017 | 2:13pm |
| 4/20/2017 | 9:21am |

COMPLAINT FOR DAMAGES

| | |
|---|---|
| 4/20/2017 | 11:02am |
| 4/20/2017 | 3:45pm |
| 4/21/2017 | 10:36am |
| 4/21/2017 | 12:11pm |
| 4/21/2017 | 1:19pm |
| 4/24/2017 | 9:21am |
| 4/24/2017 | 10:17am |
| 4/24/2017 | 12:48pm |
| 4/25/2017 | 11:10am |
| 4/25/2017 | 2:06pm |
| 4/26/2017 | 9:47am |
| 4/26/2017 | 10:26am |
| 4/26/2017 | 12:07pm |
| 4/27/2017 | 9:27am |
| 4/27/2017 | 10:20am |
| 4/28/2017 | 9:14am |
| 5/2/2017 | 9:59am |
| 5/2/2017 | 3:15pm |
| 5/3/2017 | 9:59am |
| 5/3/2017 | 11:04am |
| 5/5/2017 | 4:01pm |
| 5/8/2017 | 10:25am |
| 5/9/2017 | 10:21am |
| 5/9/2017 | 1:42pm |
| 5/10/2017 | 12:12pm |
| 5/10/2017 | 1:39pm |
| 5/11/2017 | 9:05am |
| 5/11/2017 | 1:48pm |
| 5/12/2017 | 9:48am |
| 5/12/2017 | 3:30pm |
| 5/16/2017 | 10:52am |
| 5/17/2017 | 11:06am |
| 5/17/2017 | 1:40pm |
| 5/18/2017 | 2:22pm |
| 5/18/2017 | 10:30am |
| 5/19/2017 | 10:34am |
| 5/19/2017 | 2:55pm |
| 5/22/2017 | 10:21am |
| 5/23/2017 | 10:16am |

COMPLAINT FOR DAMAGES

| | |
|---|---|
| 5/23/2017 | 1:13pm |
| 5/24/2017 | 10:37am |
| 5/25/2017 | 10:55am |
| 5/25/2017 | 2:18pm |
| 5/26/2017 | 10:17am |
| 5/26/2017 | 12:42pm |
| 5/30/2017 | 10:04am |
| 5/30/2017 | 11:24am |
| 5/30/2017 | 1:26pm |
| 5/31/2017 | 10:25am |
| 5/31/2017 | 1:26pm |
| 5/31/2017 | 2:36pm |
| 6/1/2017 | 9:11am |
| 6/1/2017 | 1:25pm |
| 6/2/2017 | 1:04pm |
| 6/2/2017 | 2:13pm |
| 6/2/2017 | 4:04pm |
| 6/5/2017 | 12:31pm |
| 6/6/2017 | 9:37am |
| 6/7/2017 | 9:28am |
| 6/7/2017 | 12:51pm |
| 6/7/2017 | 2:48pm |
| 6/12/2017 | 9:43am |
| 6/12/2017 | 12:59pm |
| 6/13/2017 | 9:18am |
| 6/13/2017 | 12:31pm |
| 6/13/2017 | 4:08pm |
| 6/14/2017 | 11:05am |
| 6/14/2017 | 4:12pm |
| 6/15/2017 | 10:31am |
| 6/15/2017 | 12:47pm |
| 6/15/2017 | 2:56pm |
| 6/16/2017 | 11:11am |
| 6/16/2017 | 1:32pm |
| 6/16/2017 | 3:31pm |
| 6/19/2017 | 1:34pm |
| 6/19/2017 | 4:10pm |
| 6/20/2017 | 12:34pm |
| 6/20/2017 | 1:30pm |

```
6/20/2017   3:39pm
6/21/2017   10:21am
6/21/2017   1:00pm
6/21/2017   3:21pm
6/22/2017   10:18am
6/22/2017   12:29pm
6/22/2017   1:44pm
6/23/2017   12:38pm
6/23/2017   12:56pm
6/23/2017   1:21pm
6/26/2017   2:58pm
6/27/2017   10:46am
```

34. All calls made by Defendants were made through the use of an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) and in violation of 47 U.S.C. § 227(b)(1)(A).

35. These calls made by Defendants to Plaintiff's mobile telephone number utilized an artificial or prerecorded voice. (47 U.S.C. 227 (b)(1)(B)).

36. Each call constitutes at least three separate and distinct violations of the TCPA because Plaintiff was registered on the DNC list and because Defendant failed to identify itself. (47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(b)(1) § (c)(2).)

37. Defendant's calls were not for emergency purposes as defined by 47 U.S.C. 227 (b)(1)(B).

38. Plaintiff is entitled to statutory damages for Defendant's violations of each provision of 47 U.S.C. § 227, *et seq.,* and 47 C.F.R. § 64.1200 *et seq.*, in the amount of $500 to $1500 per violation.

39. Plaintiff is entitled to actual damages for the invasion of privacy, intrusion of daily affairs, and undue annoyance caused by Defendant's harassing robocalls and collection activities.

40. Plaintiff is entitled to damages for <u>each and every violation</u>, regardless of whether Defendant committed multiple violations within a single phone call.

COMPLAINT FOR DAMAGES

# COUNT I
## *Use of Automatic Telephone Dialing System*
### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227, *et seq.*; 47 C.F.R. § 64.1200, *et seq.*

41. Plaintiff repeats and incorporates by reference into this cause of action each and every preceding and foregoing allegation set forth in this Complaint.

42. The foregoing acts and omissions of Defendant constitute numerous and willful violations of the TCPA, including, but not limited to, each and every one of the provisions of 47 U.S.C. § 227, *et seq.,* cited herein.

43. The foregoing acts and omissions of Defendant violate 47 U.S.C. § 227(b), providing:

"Restrictions on use of automated telephone equipment

(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

. . .

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

(B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the

call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B).

44. Defendant further violated the TCPA by failing to comply with each and every provision of 47 C.F.R. § 64.1200., *et seq*. As a result of Defendant's violations, Plaintiff is entitled to an award of either $500.00 or $1,500.00 in statutory damages <u>for each and every violation</u>, pursuant to 47 U.S.C. § 227(b)(3), plus actual damages according to proof.

## COUNT II
### *Failure to Identify Calling Party*
### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. § 227, *et seq.*; *47 C.F.R. §64.1200(b)(1)*

45. Plaintiff repeats and incorporates by reference into this cause of action each and every preceding and foregoing allegation set forth in this complaint.

46. Defendant willfully failed to comply with the provisions of 47 C.F.R. §64.1200(b) requiring that "[a]t the beginning of the message", the calling party must "state clearly the identity of the business, individual, or other entity that is responsible for initiating the call", and "[i]f a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated". (47 C.F.R. §64.1200(b)(1).)

47. Defendant further violated the TCPA by failing to comply with each and every provision of 47 C.F.R. § 64.1200, *et seq*. As a result of Defendant's violations, Plaintiff is entitled to an award of either $500.00 or $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3), plus actual damages according to proof.

## COUNT III
### *Do-Not-Call List Violation - 47 C.F.R. §64.1200(c)(2)*
### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227(c)(5), *et seq.*

48. Plaintiff repeats and incorporates by reference into this cause of action each and every preceding and foregoing allegation set forth in this Complaint.

49. Defendant further willfully violated the TCPA by calling Plaintiff on her phone despite the fact that her number was at all times "registered . . . on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." (47 C.F.R. §64.1200(c)(2).) Defendant does not maintain a written policy for compliance and do not properly train their personnel, and are in violation of 47 C.F.R. §64.1200(c)(2)(i).

50. Defendant further violated the TCPA by failing to comply with each and every provision of 47 C.F.R. § 64.1200., *et seq.* As a result of Defendants' violations, Plaintiff is entitled to an award of either $500.00 or $1,500.00 in statutory damages <u>for each and every violation</u>, including multiple violations per call, pursuant to 47 U.S.C. § 227(c)(5), plus actual damages according to proof.

## COUNT III
### *Do-Not-Call List Violation - 47 C.F.R. §64.1200(c)(2)*
### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227(c)(5), *et seq.*

51. Plaintiff repeats and incorporates by reference into this cause of action each and every preceding and foregoing allegation set forth in this Complaint.

52. The Rosenthal Act was enacted to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." Cal. Civ. Code § 1788.1.

53. Defendant is a "debt collector" under California Civil Code § 1788.2(c).

54. Plaintiff is a consumer who is entitled to protection under the Rosenthal Act.

55. At all times, Defendant was engaging in "debt collection" under California Civil Code § 1788.30(b) and attempting to collect a "debt" under California Civil Code § 1788.30(d).

56. Defendant violated the Rosenthal Act by "causing a telephone to ring repeatedly or continuously to annoy the person called". Cal. Civ. Code § 1788.11(d).

57. Defendant further violated the Rosenthal Act by "communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances". Cal. Civ. Code § 1788.11(e).

58. Defendant is liable for Plaintiff's "actual damages". Cal. Civ. Code § 1788.30(a).

59. Defendant is liable for up to $1,000 per violation of the Rosenthal Act. Cal. Civ. Code § 1788.30(b).

60. Defendant is liable for Plaintiff's attorney's fees under California Civil Code § 1788.30(c).

///
///
///
///
///
///
///
///

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against Defendant and for the following:

I. As a result of Defendant's violations of 47 U.S.C. § 227(b), *et seq.*, Plaintiff is entitled to and requests $500 in statutory damages <u>per violation</u>, or $1500 in statutory damages <u>per violations</u> that were at least willful or knowingly committed;

II. As a result of Defendant's violations of the Do-Not-Call List, and pursuant to 47 U.S.C. § 227(c)(5) and 47 C.F.R. §64.1200(c)(2), Plaintiff is entitled to and requests $500 in statutory damages <u>per violation</u>, or $1500 in statutory damages <u>per violations</u> that were at least willful or knowingly committed;

III. As a result of Defendant's failure to identify itself in violation of 47 C.F.R. §64.1200(b)(1)), Plaintiff is entitled to and requests $500 in statutory damages <u>per violation</u>, or $1500 in statutory damages <u>per violations</u> that were at least willful or knowingly committed;

IV. For Defendant to be enjoined from engaging in further violations of 47 U.S.C. § 227, *et seq.*;

V. As a result of Defendant's violations of the Rosenthal Act, Plaintiff is entitled to and requests $1,000 <u>per violation</u> as well as reasonable attorney's fees;

VI. For actual damages according to proof;

VII. For costs;

VIII. For reasonable attorney's fees; *and*

IX. And for any other relief that the Court deems just.

///

Dated: August 17, 2017                    **LAW OFFICES OF SCOTT WARMUTH, APC**

                                          By:    /s/ *Nathaniel Clark*

                                          *Attorneys for Plaintiff*
                                          MEI MA

## DEMAND FOR JURY TRIAL

Plaintiff Mei Ma requests a trial by jury on all issues for which she is entitled to a jury.


Dated: August 17, 2017                    **LAW OFFICES OF SCOTT WARMUTH, APC**

                                          By:    /s/ *Nathaniel Clark*

                                          *Attorneys for Plaintiff*
                                          MEI MA

COMPLAINT FOR DAMAGES